UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NUMBER 13-CV-3392

---

Roger Erickson,

        Plaintiff,

v.

First Financial Investment Fund
Holdings, LLC,

        Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

1.   Roger Erickson ("Consumer") brings this action to address the violation of

the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by

First Financial Investment Fund Holdings, LLC ("Debt Collector").

## <u>JURISDICTION, VENUE, AND PARTIES</u>

2.   This United States District Court has jurisdiction over all FDCPA claims and

federal questions. 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331.

3.   Venue is proper because a substantial part of the events giving rise to this

claim occurred in Minnesota. 28 U.S.C. § 1391(b)(2).

4.   Consumer is a natural person residing in Mound, MN who is a "consumer"

as defined by 15 U.S.C. § 1692a(3).

5.   Debt Collector is a Delaware corporation with a registered address of 1209

Orange Street, Wilmington, Delaware 19801. Debt Collector's principal

business and purpose is the collection of debts, making it a "debt collector"
as defined by 15 U.S.C. § 1692a(6).

## FDCPA REQUIREMENTS

6.   "A debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any debt.
Without limiting the general application of the foregoing, the following
conduct is a violation of this section: . . . Communicating or threatening to
communicate to any person credit information which is known or which
should be known to be false, including the failure to communicate that a
disputed debt is disputed." 15 U.S.C. § 1692e(8).

## FAIR CREDIT REPORTING ACT DISPUTES

7.   The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, creates a
dispute method through which a consumer may dispute a debt to a debt
collector by sending the dispute to a credit reporting agency.

8.   Under the FCRA, a credit reporting agency must investigate and forward
consumer disputes it receives to the debt collector in question, §§ 1681i(a)(1)
& (a)(2), the debt collector must investigate the debt and update the
reporting agency on its status, § 1681s-2(b), and the reporting agency must
in turn provide the update to the consumer, § 1681i(a)(6).

9.   Once notified of a consumer dispute by a reporting agency, 15 U.S.C. §
1692e(8) of the FDCPA requires debt collectors to "communicate that [the]
disputed debt is disputed" in all credit report updates. *See also Wilhelm v.*

*Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008); FTC Staff Commentary §
807(8), 53 Fed.Reg. 50097-02, 50106 (Dec. 13, 1988).

## FACTS

10.   Consumer disputed a debt being reported against him by Debt Collector
      (the "Debt") to Experian Information Solutions, Inc. ("Experian") on
      August 1, 2013.

11.   Consumer's dispute stated: "it was paid in full to the original creditor so
      delete immediately or send me complete validation from original creditor."
      *See Investigation Summary attached as* **EXHIBIT A**.

12.   Experian reported Consumer's dispute of the Debt to Debt Collector as
      required by FCRA.

13.   In response to Consumer's dispute, Debt Collector provided updated credit
      information regarding the Debt to Experian on or before August 29, 2013
      that failed to note that Consumer had disputed the Debt.  *See Dispute
      Results attached as* **EXHIBIT B**.

## COUNT I: VIOLATION OF 15 U.S.C. § 1692e(8)

14.   Consumer incorporates all other allegations as if set forth herein in full.

15.   Debt Collector violated 15 U.S.C. § 1692e(8) by communicating credit
      information regarding the Debt to Experian without indicating that
      Consumer had disputed it, thereby conveying false credit information.

16.   Debt Collector's reporting violation makes it more difficult for Consumer to
      seek and receive financing befitting his actual creditworthiness.

17.   Consumer has been forced to hire legal counsel to rectify Debt Collector's violation.

18.   Debt Collector is liable to Consumer for actual damages in the amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees in an amount to be determined by the Court. 15 U.S.C. § 1692k.

19.   Consumer reserves his right to move for punitive damages.

## JURY TRIAL

20.   Consumer demands a jury per U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Consumer requests an Order for the following relief:

1.   Judgment in favor of Consumer and against Debt Collector for actual damages in an amount to be determined at trial, $1,000.00 in statutory damages, the costs of this action, and reasonable attorney's fees.

2.   All other relief which the Court deems just and equitable.

Dated: 12/10/13                    ___/s/ Bennett Hartz_____
                                   Jonathan L. R. Drewes (#387327)
                                   Bennett Hartz (#393136)
                                   Caitlin Guilford (#390867)
                                   DREWES LAW, PLLC
                                   1516 West Lake Street, Ste 300
                                   Minneapolis, MN 55408
                                   T (612) 285-3064
                                   F (612) 285-3062
                                   bennett@dreweslaw.com
                                   *Attorneys for Consumer*